CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 15, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:14-cr-00030 |
| v. ) | |
| ) | |
| ERIC KEITH PENNINGTON, ) | By: Michael F. Urbanski |
| Defendant/Petitioner. ) | Chief United States District Judge |

### MEMORANDUM OPINION

Eric Keith Pennington, a federal inmate proceeding pro se, has filed a motion challenging the validity of his conviction for possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). ECF No. 107. For the following reasons, the court concludes that the motion is properly construed as a second or successive motion to vacate under 28 U.S.C. § 2255. Because Pennington has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the motion without prejudice for lack of jurisdiction.

### Background

A federal grand jury returned a two-count indictment against Pennington on September 18, 2014. ECF No. 36. On January 23, 2015, Pennington entered into a plea agreement with the government under which he agreed to plead guilty to distribution of heroin (a lesser included offense of Count 1 of the indictment), in violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm after having been convicted of a felony (Count 2 of the indictment), in violation of 18 U.S.C. § 922(g)(1). ECF No. 50. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentence of imprisonment of between 144 and

276 months. Id. On April 29, 2015, the court accepted the plea agreement and sentenced Pennington to a total term of imprisonment of 204 months. ECF No. 64.

On June 19, 2020, Pennington, by counsel, moved to vacate his firearm conviction pursuant to 28 U.S.C. § 2255, based on the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). The court issued a memorandum opinion and order denying the § 2255 motion on August 3, 2021. ECF Nos. 95, 96.

On April 1, 2024, Pennington filed the pending motion challenging the validity of his firearm conviction under § 922(g)(1). Pennington argues that the conviction should be vacated because § 922(g)(1) violates the Second Amendment. ECF No. 107.

## Discussion

"Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate their sentence pursuant to 28 U.S.C. § 2255." United States v. Ferguson, 55 F.4th 262, 271 (4th Cir. 2022) (internal quotation marks and brackets omitted). Because the pending motion challenges the validity of Pennington's firearm conviction, the motion is properly construed as a second or successive § 2255 motion. See United States v. Burgess, 851 F. App'x 412, 413 (4th Cir. 2021) (holding that a motion filed by a federal inmate "should have been construed as a successive § 2255 motion" since it "challenged the validity of his convictions") (citing Gonzalez v Crosby, 545 U.S. 524, 531–32 (2005); United States v. McRae, 793 F.3d 392, 397–99 (4th Cir. 2015)).

A district court does not have jurisdiction to consider a second or successive § 2255 motion unless the petitioner obtains prefiling authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3); United States v. Winestock, 340 F.3d 200, 205 (4th Cir.

2003). Pennington has not submitted any evidence of having obtained the requisite authorization from the United States Court of Appeals from the Fourth Circuit. Therefore, the court will summarily dismiss the pending motion without prejudice.

## Conclusion

For the reasons stated, the court concludes that Pennington's motion challenging the validity of his firearm conviction is properly construed as a second or successive § 2255 motion. Because the record contains no indication that Pennington has obtained authorization from the Fourth Circuit to file another § 2255 motion, the motion will be dismissed without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: April 15, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.15 10:58:38
-04'00'

Michael F. Urbanski
Chief United States District Judge